**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

SHELBY CLARMONT,

        Petitioner,

v.                                                Case No. 19-13226

WILLIS CHAPMAN,

        Respondent.
                                   /

**OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY**

**I. INTRODUCTION**

Michigan prisoner Shelby Clarmont ("Petitioner") filed this habeas corpus petition under 28 U.S.C. § 2254. (ECF No. 1.) Petitioner was convicted of conspiracy to commit armed robbery, Mich. Comp. Laws § 750.529. He raises a single, sentencing-related claim for habeas corpus relief.

Promptly after the filing of a habeas petition, the court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." United States Courts, Rules Governing 2254 Cases, Rule 4 (2010); *see also* 28 U.S.C. § 2243. If, after preliminary consideration, the court determines that the petitioner is not entitled to relief, the court may summarily dismiss the petition. United States Courts, Rules Governing 2254 Cases, Rule 4 (2010); 28 U.S.C. § 2243; *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (District courts have a duty to "screen

out" petitions that lack merit on their face.). A dismissal under Rule 4 of the Rules Governing 2254 Cases includes those petitions which raise legally frivolous claims, as well as those containing factual allegations which are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking this review, the court concludes that the habeas petition lacks merit and will be denied.

## II.  BACKGROUND

Petitioner was charged in Kent County Circuit Court with armed robbery and conspiracy to commit armed robbery. On June 11, 2018, he pleaded guilty to conspiracy to commit armed robbery, Mich. Comp. Laws § 750.529, in exchange for the dismissal of the armed robbery charge and a fourth habitual offender notice.

On July 10, 2018, Petitioner was sentenced to 108 months to 50 years imprisonment. He filed an application for leave to appeal in the Michigan Court of Appeals arguing that his sentence was based upon incorrectly scored guidelines, violated the principle of proportionality, and conflicted with *People v. Lockridge*, 498 Mich. 358 (Mich. 2015). The Michigan Court of Appeals denied leave to appeal. *People v. Clarmont*, No. 347035 (Mich. Ct. App. Feb. 15, 2019). The Michigan Supreme Court also denied leave to appeal. *People v. Clarmont*, 504 Mich. 903, 903 (2019).

Petitioner then filed this habeas corpus petition. (ECF No. 1.) He raises the same sentencing-related claim raised on direct appeal:

> The trial court erred in imposing a sentence which was based on incorrectly scored guidelines and was a departure from applicable advisory guidelines where the sentence violates the principle of proportionality as set forth by *People v. Milbourn* and is unreasonable in violation of *People v. Lockridge*[,] thereby entitling the defendant-appellant to resentencing within the correctly scored range.

2

(ECF No. 1, PageID.3, 6-18.)

## III. STANDARD

Title 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000). An "unreasonable application" occurs when "a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411.

The AEDPA "imposes a highly deferential standard for evaluating state-court rulings, and demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (internal quotations omitted). A "state court's

determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quotation omitted).  A "readiness to attribute error [to a state court] is inconsistent with the presumption that state courts know and follow the law." *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002).

A state court's factual determinations are presumed correct on federal habeas review. 28 U.S.C. § 2254(e)(1).  A habeas petitioner may rebut this presumption of correctness only with clear and convincing evidence. *Id.*

## IV.  DISCUSSION

Petitioner's habeas petition challenges his sentence of 108 months to 50 years. He argues that the sentence: (i) was based upon incorrectly scored guidelines; (ii) violates the principle of proportionality set forth in *People v. Milbourn,* 435 Mich. 630 (1990); and (iii) is unreasonable in violation of *Lockridge*, 498 Mich. 358.

Petitioner raised these challenges to his sentence in the state court of appeals, which denied leave to appeal "for lack of merit in the grounds presented." *People v. Clarmont*, No. 347035 (Mich. Ct. App. Feb. 15, 2019).  The state supreme court then denied leave to appeal.  *People v. Clarmont*, 504 Mich. 903, 903 (2019).  The state courts' summary denial of Petitioner's claim, despite their brevity, are entitled to deference under section 2254(d).  Where a state court denies a claim on the merits, but without explanation, "a habeas court must determine what arguments or theories . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with [Supreme Court precedent]."  *Harrington*, 562 U.S. at 102. Therefore,

4

the relevant question is whether any reasonable argument consistent with established Supreme Court law could support the state court decision summarily rejecting Petitioner's claim.

First, Petitioner argues that he is entitled to resentencing because the sentencing guidelines were scored incorrectly. A claim that the state trial court incorrectly scored, calculated, or applied the state legislative sentencing guidelines is not a cognizable claim for federal habeas review because it is based solely on state law. *Cotton v. Mackie*, No. 17-1059, 2017 WL 3686510, at *2 (6th Cir. May 23, 2017) (citing *Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003)); *Paris v. Rivard*, 105 F.Supp.3d 701, 724 (E.D. Mich. 2015). "A federal court may not issue the writ on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984). Therefore, Petitioner's claim that the trial court incorrectly scored state sentencing guidelines is not cognizable on federal habeas review. *Howard*, 76 F. App'x at 53 ("A state court's alleged misinterpretation of state sentencing guidelines and crediting statutes is a matter of state concern only.").

Second, Petitioner claims that his sentence is disproportionate. "[T]he Eighth Amendment does not require strict proportionality between crime and sentence. Rather, it forbids only extreme sentences that are 'grossly disproportionate' to the crime." *Harmelin v. Michigan*, 501 U.S. 957, 1001 (1991) (quoting *Solem v. Helm*, 463 U.S. 277, 288 (1983)). Courts reviewing Eighth Amendment proportionality must remain highly deferential to the legislatures in determining the appropriate punishments for crimes. *United States v. Layne*, 324 F.3d 464, 473-74 (6th Cir. 2003) (citing *Harmelin*, 501 U.S. at 999). "In implementing this 'narrow proportionality principle,' the

Sixth Circuit has recognized that 'only an extreme disparity between crime and sentence offends the Eighth Amendment.'" *Cowherd v. Million*, 260 F. App'x 781, 785 (6th Cir. 2008) (quoting *United States v. Marks*, 209 F.3d 577, 583 (6th Cir. 2000)). Where a sentence is within the statutory limits, trial courts are accorded "wide discretion in determining 'the type and extent of punishment for convicted defendants.'" *Austin v. Jackson*, 213 F.3d 298, 300 (6th Cir. 2000) (quoting *Williams v. New York*, 337 U.S. 241, 245 (1949)). The "actual computation of [a defendant's] prison term involves a matter of state law that is not cognizable under 28 U.S.C. § 2254." *Kipen v. Renico*, 65 F. App'x 958, 959 (6th Cir. 2003) (citing *Estelle v. McGuire*, 502 U.S. 62, 68 (1991)).

Petitioner's sentence is within the statutory limits for his crime, up to life in prison. Mich. Comp. Laws § 750.529. There is no reason for this court to question or curb the state's discretion in fashioning a sentence. Petitioner's sentence was not grossly disproportionate or excessive.

Finally, Petitioner argues that the sentencing court violated *Lockridge* by scoring offense variable 14 based upon the judge-found fact that Petitioner was a leader in a multiple-offender situation. In *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490. The Court later applied the rule of *Apprendi* to a state sentencing-guidelines scheme, under which the maximum penalty could be increased by judicial fact-finding. *Blakely v. Washington*, 542 U.S. 296, 303 (2004). In *Alleyne v. United States*, 570 U.S. 99 (2013), the Supreme Court extended *Apprendi* to mandatory minimum sentences,

6

ruling that any fact that increases a mandatory minimum sentence is an "element" of the offense that must be submitted to the jury and proven beyond a reasonable doubt. *Alleyne*, 570 U.S. at 111-12.

In *People v. Lockridge*, 870 N.W.2d 502 (2015), the Michigan Supreme Court held that, under *Alleyne*, Michigan's mandatory sentencing guidelines violated the Sixth Amendment because the guidelines "require judicial fact-finding beyond facts admitted by the defendant or found by the jury to score offense variables that mandatorily increase the floor of the guidelines minimum sentence range." *Lockridge*, 870 N.W.2d at 506. The court's remedy was to make the guidelines advisory only. *Id.* at 520-21. *See also Robinson v. Woods*, 901 F.3d 710, 716-17 (6th Cir. 2018) (holding that *Alleyne* clearly established that Michigan's pre-*Lockridge* mandatory minimum sentencing guidelines scheme violated the Sixth Amendment).

Petitioner was sentenced well after *Lockridge* was decided. As a result, Michigan's sentencing guidelines were advisory only. Purely advisory applications of the sentencing guidelines do not violate the Sixth Amendment. *United States v. Booker*, 543 U.S. 220, 233 (2005) ("If the Guidelines as currently written could be read as merely advisory provisions that recommended, rather than required, the selection of particular sentences in response to differing sets of facts, their use would not implicate the Sixth Amendment."); *see also United States v. Cook*, 453 F.3d 775, 777 (6th Cir. 2006) (holding that defendant's sentence based on facts other than those found by the jury or admitted by defendant did not violate the Sixth Amendment because he was sentenced under advisory, rather than mandatory, sentencing guidelines). Petitioner

7

was sentenced when the sentencing guidelines were advisory only and no Sixth Amendment violation occurred.

For these reasons, Petitioner has failed to show that the state appellate court's determinations regarding the constitutionality of his sentence are contrary to, or an unreasonable application of, clearly established federal law.

## V.  CERTIFICATE OF APPEALABILITY

Before Petitioner may appeal the court's decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation omitted). In this case, reasonable jurists would not debate the conclusion that the petition fails to state a claim upon which habeas corpus relief should be granted.  Therefore, the court will deny a certificate of appealability.

## VI.  CONCLUSION

Petitioner does not present claims upon which relief can be granted. For the reasons set forth above, the court will decline to issue a writ of habeas corpus or a certificate of appealability. Accordingly,

8

IT IS ORDERED that the petition for a writ of habeas corpus and a certificate of appealability are DENIED.

        S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: December 6, 2019

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 6, 2019, by electronic and/or ordinary mail.

        S/Lisa Wagner
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\19-13226.CLARMONT.2254.MBC.RMK.docx